IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON BROWN, | No. CIV S-11-2661-KJM-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| SUTTER CENTER FOR PSYCHIATRY, et al., | |
| Defendants. | |
| _____/ | |

   Plaintiff, who is proceeding pro se, brings this civil rights action. Pending before the court is plaintiff's complaint (Doc. 1). The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil

Procedure 12(h), this court must dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter . . . ." Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: Sutter Center for Psychiatry; Donomic J. Herda, a doctor; Simriti Singh, a doctor; Goodman, a doctor; Nirajp Gupta, a doctor; Stephen E. Ericson; Jeffrey S. Kahn; West Sacramento Police Department; Tate, a police investigator; Joshua Carruth; and Gona Moya, a deputy coroner. Plaintiff states that he is the twin brother of Eric Brown, who is now deceased. Plaintiff's complaint concerns the circumstances of plaintiff's brother's death and resulting investigation.

According to plaintiff, on October 20, 2010, he learned that his brother had committed suicide, apparently while he was living at the Flagstone Motel. Plaintiff states that he was told "misinformation" by Officer Carruth that the windows on his brother's motel room could not be opened from either the inside or outside. It is not clear what bearing this has on plaintiff's claim. Next, plaintiff states that the next month – November 2010 – defendants working for the police department told plaintiff that they would conduct follow-up interviews with various potential witnesses, but never did. Plaintiff adds that he later learned that a 10mm cartridge had been found in his brother's room, and that the autopsy revealed scratch marks on his brother's wrist.

With respect to the medical defendants, plaintiff appears to allege negligence in their treatment of his brother's mental health problems.

/ / /

/ / /

## II. DISCUSSION

Section 1983 provides a remedy for violations of rights guaranteed by the United States Constitution, see Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995), as well as rights guaranteed by federal statutes, see Gonzaga University v. Doe, 536 U.S. 273, 279 (2002). It does not, however, provide a remedy for violations of state law. See Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007). In this case, the court cannot discern how the facts alleged in plaintiff's complaint relate to any violations of either federal law or the constitution. Plaintiff complains of alleged negligence with respect to: (1) treatment of his brother's mental health problems; (2) the investigation into the circumstances of his brother's death; and (3) the autopsy performed on his brother's body. Negligence is a state law claim that does not implicate violation of either federal law or the constitution.

## III. CONCLUSION

Based on the foregoing, the undersigned recommends that this action be dismissed without prejudice to pursuing remedies in state court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 23, 2011

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE